51 F.3d 275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
D'LAST CORPORATION, Plaintiff-Appellant,
v.
Avery A. UGENT, Bradley Adam Corporation, American
International Immigration Agency, Incorporated, et
al., Defendants-Appellees.
 No. 94-3558.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 21, 1995.
Decided April 5, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff D'Last Corporation appeals the dismissal of its complaint against defendant Avery A. Ugent and seven of Ugent's passport/immigration photo and fingerprint agencies in Florida, Texas and Chicago. The complaint alleged violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Secs. 1961-1968, and the Sherman Act, 15 U.S.C. Secs. 1 et seq., and further alleged numerous state law violations. The district judge dismissed the federal counts on the grounds that they did not state a claim for relief, and accordingly dismissed the state counts without prejudice for lack of federal jurisdiction.[1] D'Last appeals only the district court's dismissal of the RICO claim, but we affirm.
 
 
 2
 D'Last and defendants operated several adjacent passport photo agencies near the Immigration and Naturalization Services ("INS") office in Chicago. Apparently these neighboring businesses, which engage in heavy solicitation of customers, have been the source of considerable competitive friction. D'Last alleged in its complaint that during 1991 and 1992, defendants' competitive tactics extended beyond the permissible and into the criminal, and included activities such as physical harassment of D'Last's potential customers; threats, bribes, and assaults of employees; subornation of perjury; and solicitation of theft (of fingerprint forms from INS offices) and murder (of D'Last employees and managers). The complaint alleges that the defendants violated RICO by engaging in a pattern of racketeering activity including solicitation of murder, attempted extortion, obstruction of justice, interference with commerce, and similar activities. This Court is reluctant to conclude that from D'Last's complaint, which alleged a veritable smorgasbord of criminal violations, can be gleaned the pattern of racketeering activity necessary to sustain a RICO claim. That task need not concern us, however. Finding that the district court correctly dismissed the RICO claim for plaintiff's failure to identify a RICO "enterprise," we affirm for the reasons stated in the opinion reported in 863 F.Supp. 763 (N.D.Ill.1994).
 
 
 
 [1]
 Plaintiff's counsel advises us that plaintiff has dismissed its state court suit embodying the state law claims of this complaint because defendants' deleterious conduct has ceased